UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOHN O'CONNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.1:22-cv-213 |
| | ) | |
| RECEIVABLES MANAGEMENT | ) | |
| PARTNERS, LLC d/b/a RMP Services, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, JOHN O'CONNER ("Plaintiff"), through his attorney, Agruss Law Firm, LLC, alleges the following against Defendant, RECEIVABLES MANAGEMENT PARTNERS, LLC d/b/a RMP Services ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Texas Debt Collection Act, Tex. Fin. Code Ann. § 392, et al. ("TDCA").

### JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367 and 15 U.S.C. § 1692k and 15 U.S.C. § 1693(m).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained within.

6. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in the City of Kyle, Hays County, State of Texas.

8. Plaintiff is a consumer as that term is defined by the FDCPA and TDCA.

9. Plaintiff allegedly owes a debt as that term is defined by the FDCPA and TDCA.

10. Defendant is a debt collector as that term is defined by the FDCPA and TDCA.

11. Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is a collection agency located in the City of Indianapolis, Marion County, State of Indiana.

13. Defendant is a business entity engaged in the collection of debt within the State of Texas.

14. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

15. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

16. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

17. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

18. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### FACTUAL ALLEGATIONS

19. Defendant is attempting to collect an alleged consumer debt from Plaintiff originating with medical bills.

20. The alleged debt at issue arises from transactions for personal, family, and household purposes.

21. Within the past year of Plaintiff filing this Complaint, Defendant placed calls to Plaintiff on his telephone at 630-480-1598, in an attempt to collect the alleged debt.

22. Defendant calls Plaintiff from 254-772-6111 and 844-711-5501, which are two of Defendant's telephone numbers.

23. At all times relevant, Plaintiff was represented by a nonprofit law firm, HELPS, with respect with the alleged debt.

24. On or about June 2, 2021, July 15, 2021, August 27, 2021, September 17, 2021, and February 1, 2022, HELPS sent a letter to Defendant in an attempt to cease collection efforts by Defendant. *See* Letters attached as Exhibit 1.

25. In the above-mentioned letters:

    a. HELPS notified Defendant that Plaintiff is represented by counsel with respect to the alleged debt.

    b. HELPS informed Defendant that Plaintiff cannot afford to pay the alleged debt.

    c. HELPS requested for Defendant to stop calling Plaintiff.

26. Despite the foregoing, Defendant continued to place collection calls to Plaintiff's telephone unabated.

27. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

28. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

29. Defendant engaged in the foregoing conduct with intent to harass, abuse and annoy Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

30. Plaintiff repeats and re-alleges paragraphs one (1) through twenty-nine (29) of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

31. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692a(2) of the FDCPA by communicating a consumer who is represented by an attorney, when Defendant called Plaintiff's telephone unabated despite receiving notice that Plaintiff is represented by an attorney with respect to the alleged debt;

    b. Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt, when Defendant continued to call Plaintiff's telephone unabated after Plaintiff's attorney repeatedly requested for Defendant to stop calling Plaintiff;

    c. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, when Defendant continued to call Plaintiff's telephone unabated after Plaintiff's attorney repeatedly

   requested for Defendant to stop calling Plaintiff;

   d. Defendant violated § 1692e(10) of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Defendant falsely represented that it could contact Plaintiff despite him being represented by an attorney; and

   e. Defendant violated § 1692(f) of the FDCPA by using fair or unconscionable means in connection with the collection of an alleged debt, when Defendant engaged in the foregoing conduct.

WHEREFORE, Plaintiff, JOHN O'CONNER, respectfully requests judgment be entered against Defendant, RECEIVABLES MANAGEMENT PARTNERS, LLC d/b/a RMP Services, for the following:

32. Actual damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

33. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

34. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

35. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE TEXAS DEBT COLLECTION ACT

36. Plaintiff repeats and re-alleges paragraphs one (1) through twenty-nine (29) of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

37. Defendant violated the TDCA based on the following:

   a. Defendant violated Tex. Fin. Code § 392.302(4) by oppressing, harassing, or abusing Plaintiff by causing a telephone to ring repeatedly or continuously, or

      making repeated or continuous telephone calls, with the intent to harass a person at the called number, when Defendant continued to call Plaintiff's telephone unabated after Plaintiff's attorney repeatedly requested for Defendant to stop calling Plaintiff; and

  b. Defendant violated Tex. Fin. Code § 392.304(19) by using any false representation or deceptive means to collect a debt or information concerning a consumer, when Defendant falsely represented that it could contact Plaintiff despite him being represented by an attorney.

WHEREFORE, Plaintiff, JOHN O'CONNER, respectfully requests judgment be entered against Defendant, RECEIVABLES MANAGEMENT PARTNERS, LLC d/b/a RMP Services, for the following:

38. For actual damages provided and pursuant to Tex. Fin. Code Ann. § 392.403 and/or Tex. Bus. & Com. Code § 17.50(d);

39. For statutory damages provided and pursuant to Tex. Fin. Code Ann. § 392.403 and/or Tex. Bus. & Com. Code § 17.50(d);

40. For attorneys' fees, costs and disbursements;

41. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1); and

42. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

DATED:  March 4, 2022			RESPECTFULLY SUBMITTED,


					By: /s/ Michael S. Agruss
						Michael S. Agruss
						Agruss Law Firm, LLC
						4809 N. Ravenswood Ave., Suite 419
						Chicago, IL 60640
						Tel: 312-224-4695
						Fax: 312-253-4451
						michael@agrusslawfirm.com
						Attorney for Plaintiff

# **EXHIBIT 1**



HELPS NONPROFIT LAW FIRM
PO BOX 12647
SALEM, OR 97309-0067

xxxxxx
*****************************************
RMP SERVICES, LLC
PO BO  630844
CINCINNATI, OH 45263 0844

**Re: John F O'Connor**
      SSN

Date: June 02 2021

Dear RMP Services, LLC:

  HELPS Nonprofit Law Firm has been retained by John F O'Connor for representation for the purpose of receiving communication regarding the debt allegedly owed to you or for which you are collecting.

  John F O'Connor is unable to pay any alleged debt owed to you. Our client survives on federally protected retirement income which is insufficient to pay your alleged debt. We are happy to provide proof of our client's protected income upon request.

  Our client is a resident of Texas.  Pursuant to the Texas Debt Collection Act, TEX. FIN. CODE § 392.001 et seq., you are hereby notified to cease and desist attempting to collect a debt from our client.  If you're a debt collector, Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq., also prohibits you from contacting a consumer who is represented by an attorney.  Your continued contact causes great strain on the health of our client.

  If this alleged debt is sold, assigned or transferred, we demand the purchaser, assignee or transferee be notified of our ongoing representation for the purpose of receiving debt collection communication. You may always contact our office by phone or email with questions.

Sincerely yours,

*Eric W. Olsen*

Eric W. Olsen
Executive Director | Attorney at Law
HELPS Nonprofit Law Firm



*HELPS represents senior citizens and disabled persons with federally protected income to receive communication from debt collectors. Most of our clients live near or under the federal poverty line. They would like to be able to pay their old debt but are simply unable. Legal proceedings are very stressful for poor seniors. HELPS renders our services either free or at a very minimal cost. We never turn away a qualified person in need of our services.*

PO Box 12647 · 855-435-7787 · info@helpsishere.org

HELPS NONPROFIT LAW FIRM
PO BOX 12647
SALEM, OR 97309-0647

**HELPS NONPROFIT LAW FIRM**
A 501(C)(3) CHARITABLE ORGANIZATION

xxxxxx
****************************************
RMP SERVICES, LLC
PO BOX 630844
CINCINNATI, OH 45263-0844

July 15, 2021

Re: John F O'Connor
Account: ▓▓▓ SSN

Dear Sir or Madam:

We have previously contacted you regarding John F O'Connor, notifying you we represent our client for the purpose of receiving communication regarding the debt allegedly owed to you or for which you are collecting. as described by the Fair Debt Collection Practice Act, hereinafter referred to as the "FDCPA". To review, the FDCPA prohibits debt collection communication, including phone calls, once notice has been given of representation. .

Our previous notice also advised John F O'Connor's income is protected by federal law. We are happy to provide proof of this income upon request. Your continued violations of the Fair Debt Collection Practices Act will not change the fact that our client cannot afford to pay any alleged debt. Moreover, the protected nature of our client's income does not make it vulnerable to any judgments resulting from the lawsuits you threaten.

We requested that you were not to contact our client by phone or by mail regarding collection of this debt. Nevertheless, our client advises us your contact persists. Your continued contact is a burden to our client's mental and physical health. We are advising you once again to cease communications.

HELPS nonprofit law firm does not represent persons in court for violations of the Fair Debt Collection Practices Act. However, if your communication continues, we will assist our client with procuring legal representation for your violations of the FDCPA and any applicable state debt collection statutes.

Again, to emphasize, your continued contact adversely affects our client's wellbeing. If you are reading this letter and do not know what to do, I encourage you to contact your supervisor or legal department so appropriate measures can be made to prevent further violations of the law.

Sincerely Yours,

*Eric W. Olsen* (signature)

Eric W. Olsen
Executive Director | Attorney at Law
HELPS Nonprofit Law Firm

---

HELPS represents senior citizens, legally disabled persons and veterans with federally protected incomes to receive communication regarding the collection of debt. Most of our clients live near or under the federal poverty line. Our services are either free or given at minimal cost. We never turn away a qualified person in need of our services.

**PO Box 12647, Salem, OR 97309 - 855-435-7787 - www.helpsishere.org**



HELPS NONPROFIT LAW FIRM
PO BOX 12647
SALEM, OR 97309-0067

xxxxxx
*****************************************
RMP   RECEIVABLES MANAGEMENT PARTNERS, L
2250 E DEVON AVE STE 352
DES PLAINES, IL 60018 4521

**Re: John F O'Connor**                                                                                     Date: August 27 2021

Dear RMP - Receivables Management Partners, L:

  HELPS Nonprofit Law Firm has been retained by John F O'Connor for representation for the purpose of receiving communication regarding the debt allegedly owed to you or for which you are collecting.

   John F O'Connor is unable to pay any alleged debt owed to you. Our client survives on federally protected retirement income which is insufficient to pay your alleged debt. We are happy to provide proof of our client's protected income upon request.

    Our client is a resident of Texas.   Pursuant to the Texas Debt Collection Act, TEX. FIN. CODE § 392.001 et seq., you are hereby notified to cease and desist attempting to collect a debt from our client.   If you're a debt collector, Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq., also prohibits you from contacting a consumer who is represented by an attorney.   Your continued contact causes great strain on the health of our client.

     If this alleged debt is sold, assigned or transferred, we demand the purchaser, assignee or transferee be notified of our ongoing representation for the purpose of receiving debt collection communication. You may always contact our office  by phone or email with questions.

Sincerely yours,

*Eric W. Olsen*

Eric W. Olsen
Executive Director | Attorney at Law
HELPS Nonprofit Law Firm



HELPS represents senior citizens and disabled persons with federally protected income to receive communication from debt collectors. Most of our clients live near or under the federal poverty line. They would like to be able to pay their old debt but are simply unable. Legal proceedings are very stressful for poor seniors. HELPS renders our services either free or at a very minimal cost. We never turn away a qualified person in need of our services.

PO Box 12647 · 855-435-7787 · info@helpsishere.org

HELPS NONPROFIT LAW FIRM
PO BOX 12647
SALEM, OR 97309-0647

xxxxxx
****************************************
RMP - RECEIVABLES MANAGEMENT PARTNERS,
2250 E DEVON AVE STE 352
DES PLAINES, IL 60018-4521

**HELPS NONPROFIT LAW FIRM**
A 501(C)(3) CHARITABLE ORGANIZATION

September 17, 2021

Re: John F O'Connor
Account: ▓▓▓▓▓▓

Dear Sir or Madam:

We have previously contacted you regarding John F O'Connor, notifying you we represent our client for the purpose of receiving communication regarding the debt allegedly owed to you or for which you are collecting. as described by the Fair Debt Collection Practice Act, hereinafter referred to as the "FDCPA". To review, the FDCPA prohibits debt collection communication, including phone calls, once notice has been given of representation. .

Our previous notice also advised John F O'Connor's income is protected by federal law. We are happy to provide proof of this income upon request. Your continued violations of the Fair Debt Collection Practices Act will not change the fact that our client cannot afford to pay any alleged debt. Moreover, the protected nature of our client's income does not make it vulnerable to any judgments resulting from the lawsuits you threaten.

We requested that you were not to contact our client by phone or by mail regarding collection of this debt. Nevertheless, our client advises us your contact persists. Your continued contact is a burden to our client's mental and physical health. We are advising you once again to cease communications.

HELPS nonprofit law firm does not represent persons in court for violations of the Fair Debt Collection Practices Act. However, if your communication continues, we will assist our client with procuring legal representation for your violations of the FDCPA and any applicable state debt collection statutes.

Again, to emphasize, your continued contact adversely affects our client's wellbeing. If you are reading this letter and do not know what to do, I encourage you to contact your supervisor or legal department so appropriate measures can be made to prevent further violations of the law.

Sincerely Yours,

*Eric W. Olsen*

Eric W. Olsen
Executive Director | Attorney at Law
HELPS Nonprofit Law Firm

*HELPS represents senior citizens, legally disabled persons and veterans with federally protected incomes to receive communication regarding the collection of debt. Most of our clients live near or under the federal poverty line. Our services are either free or given at minimal cost. We never turn away a qualified person in need of our services.*
**PO Box 12647, Salem, OR 97309 - 855-435-7787 - www.helpsishere.org**

HELPS NONPROFIT LAW FIRM
PO BOX 12647
SALEM, OR 97309-0647

**HELPS NONPROFIT LAW FIRM**
A 501(C)(3) CHARITABLE ORGANIZATION

xxxxxx
****************************************
RMP SERVICES, LLC
PO BOX 630844
CINCINNATI, OH 45263-0844

February 1, 2022

Re: John F O'Connor
Account:

Dear RMP Services, LLC:

We have previously contacted you regarding John F O'Connor, notifying you we represent our client for the purpose of receiving communication regarding the debt allegedly owed to you or for which you are collecting, as described by the Fair Debt Collection Practices Act. To review, the FDCPA prohibits debt collection communication, including phone calls, once notice has been given of representation. This letter is a repeated request that all communications regarding collection of this alleged debt be directed to our office.

Our previous notice also advised you that our client is a resident of Texas. Pursuant to the Texas Debt Collection Act, TEX. FIN. CODE §392.001 et seq., you are hereby notified to cease and desist attempting to collect a debt from our client.

Ultimately, John F O'Connor's incomes is protected by federal law. We are happy to provide proof of these incomes upon request. Your continued violations of the Fair Debt Collection Practices Act will not change the fact that our client cannot afford to pay any alleged debt. Moreover, the protected nature of our client's incomes does not make it vulnerable to any judgments resulting from the lawsuits you threaten.

HELPS nonprofit law firm does not represent persons in court for violations of the Fair Debt Collection Practices Act. However, if your communication continues, we will assist our client with procuring legal representation for your violations of the laws protecting our client.

Again, to emphasize, your continued contact adversely affects our client's wellbeing. If you are reading this letter and do not know what to do, I encourage you to contact your supervisor or legal department so appropriate measures can be made to prevent further violations of the law.

Sincerely Yours,

Eric W. Olsen
Executive Director | Attorney at Law
HELPS Nonprofit Law Firm

*HELPS represents senior citizens, veterans, and legally disabled persons with federally protected incomes to receive communication regarding the collection of debt. Most of our clients live near or under the federal poverty line. They are unable to pay their debt. HELPS renders services for free or minimal cost.*

PO Box 12647 • Salem, Oregon 97309 • 855-435-7787 • www.helpsishere.org